**ZHAO JIN LIN, a/k/a Jin Lin Zhao, Petitioner,**

v.

**ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA, Respondent.**

**Docket No. 03–4095.**

United States Court of Appeals, Second Circuit.

March 17, 2006.

Yong Wang, Wang & Associates, New York, NY, for Petitioner.

Kevin M. Laden (Linda S. Wernery, Senior Litigation Counsel, Office of Immigration Litigation, Peter D. Keisler, Assistant Attorney General, on the brief), Civil Division, United States Department of Justice, Washington, DC, for Respondent.

Before: WINTER, CABRANES, and POOLER, Circuit Judges.

PER CURIAM.

Petitioner Zhao Jin Lin, a native and citizen of the People's Republic of China ("China"), petitions this Court for review of a December 23, 2002 order of the Board of Immigration Appeals ("BIA") affirming, without an opinion, a September 10, 1998 decision by Immigration Judge Adam Opaciuck ("the IJ") that denied petitioner's application for asylum and for withholding of removal. *See In Re Zhao Jin Lin*, File No. A 75 985 627 (New York, NY, Sept. 10, 1998).

Petitioner testified before the IJ that, when he lived in China at the age of 16, he fell under the influence of a high school teacher who twice persuaded petitioner to post pro-democracy flyers in public spaces. After the teacher informed petitioner that the authorities discovered what he had done, petitioner went into hiding and eventually fled China. Petitioner testified to his belief that, if required to return to China, he will be arrested and sent to a labor camp. In support, petitioner produced a copy of a summons—allegedly delivered to his family's home—requiring petitioner to report to the police. Petitioner testified that police continue to visit his family's home every three or four months.

█ The IJ found that petitioner subjectively "believes he will be persecuted," but that petitioner failed to produce sufficient documentary evidence to demonstrate an objective likelihood that he "suffered any past persecution or that [he] would suffer future persecution should he be returned to China."[1] The IJ declined to rely solely on the summons, in part because that document did not specify why petitioner's appearance at the police station was sought. Furthermore, the IJ emphasized the absence of supporting affidavits from petitioner's family members—with whom petitioner remained in contact and from whom he obtained a copy of the summons—or from the teacher. Finally, the IJ found it "non-plausible that the

---

1. The IJ's analysis is consistent with our previous holding that

   [w]ell-founded fear involves both a subjective and an objective component. The former may be based on the applicant's reaction to events that impinge on him personally; but to make it a well-founded fear, there must be other proof or objective facts that lend support to the applicant's subjective fear. The subjective component may be satisfied by the applicant's credible testimony that [he] fears persecution. Once a subjective fear is es-

   tablished, an applicant need only show that such fear is grounded in reality to meet the objective element of the test. To this end, an applicant must present credible, specific, and detailed evidence—whether by [his] own testimony or corroborating proof—that a reasonable person in [his] position would fear persecution if returned to [his] native country.

   *Abankwah v. INS*, 185 F.3d 18, 22 (2d Cir. 1999) (internal quotation marks and citations omitted).

government of China would be interested in persecuting respondent for having distributed leaflets on two separate occasions when he was 16 years old." On the basis of these findings, the IJ concluded that petitioner failed to establish a well-founded fear of persecution upon return to China, and denied petitioner's asylum application.

 On appeal, petitioner argues that the IJ's finding that he lacked a well-founded fear of persecution upon return to China was not supported by substantial evidence. This argument faces a difficult hurdle because the IJ's "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Moreover, "where the circumstances indicate that an applicant has, or with reasonable effort could gain, access to relevant corroborating evidence, his failure to produce such evidence in support of his claim is a factor that may be weighed in considering whether he has satisfied the burden" to demonstrate a well-founded fear of persecution. *Zhou Yun Zhang v. INS,* 386 F.3d 66, 71 (2d Cir.2004). Upon review of the record, we hold that a reasonable adjudicator would not be compelled to conclude, based on the evidence presented to the IJ in this case, that petitioner had a well-founded fear of persecution upon return to China.

Petitioner also argues that the BIA erred by affirming the IJ's decision without an opinion because one of the regulatory criteria for such summary dispositions—that "[t]he Board member to whom a case is assigned ... determine[ ] that the result reached in the decision under review was correct," 8 C.F.R. § 1003.1(e)(4)(i)—was not satisfied. This argument is without merit. We find no evidence, and none is presented by petitioner, that the cogni-

zant BIA member failed to make the required determination. In any event, the BIA's purported error did not prejudice petitioner because where, as here, the BIA summarily affirmed the IJ's decision, we review the IJ's decision rather than the BIA's order. *See Yu Sheng Zhang v. DOJ,* 362 F.3d 155, 158–59 (2d Cir.2004).

An applicant who, like petitioner, fails to establish his eligibility for asylum is necessarily unable to establish his eligibility for withholding of removal. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999).

We have considered all of petitioner's arguments and found each of them to be without merit. Accordingly, the petition for review is denied.