Denada MARKAJ, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–5163–ag.

United States Court of Appeals,
Second Circuit.

Aug. 1, 2006.

Aleksander Milch, New York, NY, for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, FL, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Denada Markaj, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Roxanne Hladylowycz's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005).

### A. Asylum and Withholding of Removal

■ One basis for the IJ's denial of asylum was that Markaj failed to establish the nexus between the persecution she feared and her affiliation with the Democratic Party ("DP"). Even if this was error, the IJ also found that because Markaj's mother, who also supported the DP, had not been harmed in the two years between when Markaj left Albania and when she testified, Markaj did not have a well-founded fear of future persecution. Whether an applicant has established a well-founded fear of future persecution is reviewed for substantial evidence. *See Zhao Jin Lin v. Attorney General of the U.S.*, 441 F.3d 193, 195 (2d Cir.2006). Absent past persecution, establishing a well-founded fear requires an applicant to show that she has a subjective fear and that her fear is objectively reasonable. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 399 (2d Cir.2005). The BIA has found that the reasonableness of an applicant's fear, referring to the objective component, is reduced when her family members, who are similarly situated to the applicant and would fear persecution on account of the same grounds, remain unharmed in her native country for a long period after the applicant's departure. *In re A–E–M–*, 21 I. & N. Dec. 1157, 1160, 1998 WL 99555 (BIA 1998). Furthermore, the background material in the record indicates that politically motivated violence has subsided and was limited to an isolated number of minor cases in Himara in 2003. It was reasonable for the IJ to find that Markaj failed to meet the objective component of well-founded fear and therefore failed to sustain her burden of proof for asylum. Therefore, she cannot establish the higher likelihood of harm required for withholding of removal. *See Abankwah v. INS*, 185 F.3d 18, 22 (2d Cir.1999).

### B. CAT Relief

■ The IJ summarily found that Markaj had not shown that it was more likely than not that she would be tortured if forced to return to Albania. However, an applicant's CAT claim may be established using different theories than her asylum or withholding claims. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir.2004). To establish eligibility for CAT, an applicant must establish that it is more likely than not that she will be tortured if returned to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). Here, the IJ simply relied on the background reports to find that Markaj's attempted abduction was part of the "criminal element" in Alba-

nia that trafficks women in order to deny her asylum and withholding claims, but failed to consider whether: (1) abduction, forcing a girl into a trafficking ring, and selling her into sexual slavery may constitute torture; and (2) it is more likely than not that Markaj would be subject to this harm.

The Department of State Report indicates that it is young women who are at risk of being trafficked. Therefore, the fact that Markaj's mother, who is older, has remained unharmed in Albania is not an indication of the risk of trafficking Markaj would face, as it was an indication of the risk of political persecution. Markaj also testified that her older sister did not go out much because she did not go to school and her younger sister is always escorted when outside; therefore, their safety would not necessarily preclude a risk of trafficking either. We remand for the BIA to consider whether Markaj has sustained her burden of proof for CAT relief.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).