**AI JIAO WEI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–5382–ag.

United States Court of Appeals, Second Circuit.

Oct. 19, 2006.

Peter D. Lobel, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Stuart A. Minkowitz, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Ai Jiao Wei, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Sandy Hom's denial of her application for asylum, withholding of removal, and CAT relief. *In re Ai Jiao Wei*, No. A 78 864 412 (B.I.A. Sept. 12, 2005), *aff'g* No. A78 864 412 (Immig. Ct. N.Y. City June 2, 2004). We presume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, Wei failed to argue meaningfully before this Court her claims for withholding of removal and CAT relief, as well as relief based on her fear of harm for having left China by illegal means. Because we consider these claims waived, we decline to address them on

appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005). Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

■ With respect to Wei's claim that she suffered past persecution and fears future persecution under China's family planning policies, we find the IJ's adverse credibility determination supported by substantial evidence. The IJ relied on the inconsistency between Wei's statement to immigration officials, that she was forcibly aborted in China, and her supplemental affidavit and testimony, in which she recanted this allegation. Where, as here, an applicant has presented dramatically different accounts regarding her asylum claim, particularly regarding the sole persecutory event, the Court has found this inconsistency alone constitutes substantial evidence to support the IJ's credibility determination. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005); *Xian Tuan Ye v. Dep't of Homeland Security,* 446 F.3d 289, 294–95 & n. 6 (2d Cir.2006). Because the IJ was not compelled to credit Wei's explanation that a smuggler ordered her to lie about undergoing an abortion, we find that the inconsistency regarding whether Wei suffered an abortion constituted substantial evidence in support of the adverse credibility determination. *See Xian Tuan Ye,* 446 F.3d at 295 (citing *Majidi,* 430 F.3d at 80).

■ With respect to Wei's fear of future persecution on account of her religion, we find the agency's determination that Wei failed to establish a well-founded fear of future persecution is supported by substantial evidence. *See Zhao Jin Lin v. Att'y General of the U.S.,* 441 F.3d 193, 195 (2d Cir.2006) (reviewing for substantial evidence the agency's finding that the applicant failed to show a well-founded fear of future persecution). Although Wei testified that her husband was briefly detained and ordered to stop holding religious gatherings in their home, she stated that her husband had not encountered any further threats from authorities since his alleged detention in 2001 and that he continued to hold religious gatherings in their home. The IJ also noted that Wei's home remained intact despite authorities' alleged threats to destroy it if Wei's husband continued to hold religious gatherings. It was reasonable for the IJ to conclude that Wei's fear of future persecution was undermined by her husband's continued religious practice, and Wei did not offer any arguments to the contrary in her brief to this Court. Therefore, we find that substantial evidence supports the IJ's finding that Wei's fear of future persecution was not objectively reasonable. *See Melendez v. U.S. Dep't of Justice,* 926 F.2d 211, 215 (2d Cir.1991); *Zhao Jin Lin,* 441 F.3d at 195.

For the foregoing reasons, the petition for review is DENIED with respect to Wei's asylum claim and DISMISSED with respect to her claims for withholding of removal and CAT relief. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).