**REN YOU, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 05–3445–ag.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

542

Jan Potemkin, New York, New York, for Petitioner.

H.S. Garcia, United States Attorney for the District of Puerto Rico, Nelson Pérez–Sosa, Thomas F. Klumper, Assistant United States Attorneys, San Juan, Puerto Rico, for Respondent.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB, Circuit Judges, Hon. TIMOTHY C. STANCEU, Judge.[1]

**SUMMARY ORDER**

Ren You, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Joanna M. Bukszpan's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ren You,* No. A 70 582 733 (B.I.A. June 8, 2005), *aff'g* No. A 70 582 733 (Immig. Ct. New York, NY, Nov. 19, 2003). We presume the parties' familiarity with the underlying facts and procedural history of the case.

The IJ, in her oral decision, found that You had a well-founded fear of persecution if he were to be returned to China, given that he now had two American-born children. In the exercise of her discretion, however, the IJ nonetheless denied You's application for asylum. The IJ explained that in her balancing of the equities, she had concluded that there were various "egregious factors"—such as You's having testified falsely before her and the fact that You's young daughter had been sent to live in China—that warranted the denial of asylum. The IJ went on to find that

**1.** The Honorable Timothy C. Stanceu, Judge for the United States Court of International Trade, sitting by designation.

You could not meet the burden of proof for withholding of removal or relief under the CAT. The IJ therefore denied all relief.

On appeal, the BIA adopted and affirmed the IJ's decision, except insofar as the IJ had concluded that You had established a well-founded fear of persecution. The BIA stated that "the respondent's claim in this respect is speculative." The BIA also stated that "[w]e observe that the respondent does not merit asylum as a matter of discretion and that he did not qualify for protection under the Convention Against Torture."

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including whether a petitioner lacks a well-founded fear of future persecution, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhao Jin Lin v. Att'y Gen. of the United States*, 441 F.3d 193, 195 (2d Cir.2006) (per curiam).

■ The BIA's conclusion that You's fear of persecution was speculative reversed the IJ's decision, and, therefore, does not rely on the IJ's reasoning. The BIA failed to offer any reasoning as to why it reversed the IJ's finding as to You's fear of persecution. Therefore, the BIA's finding cannot be supported by substantial evidence, as none was cited, and we must remand to BIA for a further explanation of its reasoning.[2]

■ The Government has argued that even if this Court were to determine that the BIA erred in concluding that You's alleged fear of persecution was speculative, a remand is still unwarranted because the IJ denied You's asylum application in the exercise of its discretion, and You failed to appeal this aspect of the IJ's decision to the BIA. We disagree. In You's notice of appeal, he stated that the IJ "erred in denying asylum on the basis of discretion." In his brief, he further argued that the IJ had violated BIA precedent in denying his "asylum claim solely on the basis of discretion." We therefore believe that You sufficiently raised this question before the BIA, and that the BIA erred when it stated otherwise.

We therefore remand You's asylum claim to the BIA, so that the BIA can (1) explain the basis for its conclusion that You's fear of future persecution was speculative (in light of the record as it may be supplemented by You); and/or (2) evaluate the IJ's exercise of discretion in concluding that, even if You could establish a well-founded fear of persecution, he still should not be granted asylum.

■ You failed to argue his claims for withholding of removal and CAT relief before the BIA, and, therefore, failed to satisfy statutory exhaustion requirements with respect to those claims for relief. 8 U.S.C. § 1252(d)(1); *see Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). Therefore, this Court is without jurisdiction to review those claims. *Id.*

For the foregoing reasons, the petition for review is GRANTED, and the case is remanded to the BIA for further proceedings consistent with this order. Having

---

2. On remand, You should have an opportunity to supplement the record, in light of our recent decision in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), in which we addressed various 2003 decisions from the

Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration which may—given that You is from Fujian Province **A 254**—bear on You's claim of future persecution.

completed our review, You's pending motion for a stay of removal in this petition is DENIED as moot.