Shaban ISLAMOVIC, Petitioner,

v.

IMMIGRATION and
NATURALIZATION SERVICE,
Respondent.

No. 06–2242–ag.

United States Court of Appeals,
Second Circuit.

Feb. 20, 2007.

Sam Gjoni, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney, for Respondent. General, Civil Division, David V. Bernal, Assistant Director for the Office of Immigration Litigation ("OIL"), Anthony P. Nicastro, Attorney for OIL, Washington, DC.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Shaban Islamovic, a citizen of Montenegro, seeks review of an April 25, 2006 order of the BIA affirming the December 7, 2004 decision of Immigration Judge ("IJ") Robert D. Weisel, denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Shaban Islamovic,* No. A95 476 198 (B.I.A. Apr. 25, 2006), *aff'g* No. A95 476 198 (Immig. Ct. N.Y. City Dec. 7, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhao Jin Lin v. Att'y Gen. of U.S.,* 441 F.3d 193, 195 (2d Cir.2006).

█ Here, the IJ did not err in finding that the majority of acts about which Islamovic complained—the prohibition against him speaking Albanian in school or attending school after the war started, the harassment by neighbors, his humiliation concerning his employment in the Yugoslav army and his farm service after the war—did not establish past persecution on account of his Albanian ethnicity. *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004).

█ The IJ's determination that the mistreatment of Islamovic by Serb soldiers does not bear a nexus to a protected ground is a mixed question of law and fact. Substantial evidence supports the IJ's finding that the Serbs raided Islamovic's home because they were searching for weapons to further their war interests. Islamovic himself testified, "[a]s I said before, they were looking for guns, ammuni-

tions." Accordingly, the IJ did not err in finding that this search bore no nexus to a protected ground under the INA.

 Furthermore, Islamovic offered little testimony or evidence, other than his allegations of past persecution, to indicate that he would suffer future mistreatment on account of his ethnicity if he returns to Montenegro. Accordingly, the IJ also did not err in finding that Islamovic failed to establish a well-founded fear of persecution on that basis.

With respect to Islamovic's conscription claim, "[t]ypically, compulsory military service does not provide asylum seekers with adequate cause for claiming persecution." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005). However, an individual may be eligible for asylum if his or her "refusal to serve in the military leads to disproportionately excessive penalties" on account of a protected ground. *Id.* In addition, "an individual may be eligible for asylum if he or she is fleeing to avoid punishment for refusing to join a military force condemned by the international community." *Id.* (internal citations omitted).

Here, the IJ reasonably found that a report by the British Foreign Office diminished or eliminated any likelihood of Islamovic being subjected to "disproportionately excessive penalties" by the Montenegrin government for having refused to fight in the Serb army. The report indicates that the Montenegrin assembly passed a law granting amnesty to persons who had evaded the draft from June 1998 to June 1999. Moreover, Islamovic offered no evidence to establish that the Serb army of Montenegro is condemned by the international community. Accordingly, substantial evidence supports the IJ's conclusion that Islamovic failed to establish eligibility for asylum based on his refusal to serve in the Serb army.

Finally, because Islamovic does not meaningfully argue his withholding and CAT claims before this Court, we deem these claims to have been waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. The stay of removal that the Court previously granted in this petition is VACATED.