**ZHONG XING ZHAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 06–3832–ag.

United States Court of Appeals,
Second Circuit.

Feb. 22, 2007.

Romben Aquino, Ferro & Cuccia, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Eric W. Marsteller, Trial Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Zhong Xing Zhan, a citizen of the People's Republic of China, seeks review of a July 18, 2006 order of the BIA affirming the March 18, 2005 decision of Immigration Judge ("IJ") Noel Anne Brennan denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Zhong Xing Zhan*, No. A96 108 938 (B.I.A. Jul. 18, 2006), aff'g No. A96 108 938 (Immig. Ct. N.Y. City Mar. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including an IJ's determination of whether an applicant possesses a well-founded fear, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhao Jin Lin v. Attorney General of U.S.*, 441 F.3d 193, 195 (2d Cir.2006); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, Zhan does not challenge the IJ's past persecution analysis. Even if he did, that finding is supported by substantial evidence. Furthermore, Zhan's testimony and documentary evidence do not compel us to overturn the IJ's finding that he failed to establish a well-founded fear of persecution.[1] Zhan's testimony gave no indication that Chinese authorities were interested in him at all. In addition, there was insufficient indication in the record to compel any reasonable adjudicator to conclude that there is a pattern or practice of persecution against homosexuals. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 565 (2d Cir.2006).

Finally, because Zhan failed to exhaust his withholding of removal and CAT claims before the BIA, we do not review the IJ's denial of his applications for those forms of relief. The INA provides that federal courts may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1).

For the foregoing reasons the petition for review is DENIED.

---

1. In reviewing the IJ's well-founded fear analysis, we do not reach Zhan's argument that the BIA failed to consider the documentary evidence he submitted to it on appeal because he raises that argument only in a footnote. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) (finding that "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal," and that pursuant to this rule, "an argument made only in a footnote [is] inadequately raised for appellate review").