**Mohamed Boye BAH, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3111–ag.

United States Court of Appeals, Second Circuit.

April 5, 2007.

Mohamed Boye Bah, pro se, Bronx, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohamed Boye Bah, a citizen of Sierra Leone, seeks review of a June 6, 2006 order of the Board of Immigration Appeals ("BIA"), affirming the October 25, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom, denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Mo-*hamed Boye Bah, No. A95 369 725 (B.I.A. June 6, 2006) *aff'g* No. A95 369 725 (Immig. Ct. N.Y. City Oct. 25, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhao Jin Lin v. Attorney Gen. of U.S.,* 441 F.3d 193, 195 (2d Cir.2006). We will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

A past threat to life or freedom creates a presumption of a future threat, but this presumption may be rebutted by, among other things, a showing by the government that there has been a fundamental change in circumstances in the country of removal such that the applicant no longer has a well-founded fear of persecution. 8 C.F.R. § 1208.16(b)(1)(i)(A). Here, substantial evidence supports the agency's finding that country conditions in Sierra Leone have changed since the time Bah was persecuted. As the IJ noted, the State Department Report indicates that:

(1) a cease-fire agreement between the government and the RUF has been in effect since 2002; (2) Bah's own political party was in control of the presidency and had a "large majority" of the parliament; and (3) many members of the rebel groups who had attacked Bah were in prison awaiting criminal trials.

■ In addition, it was appropriate for the BIA to take administrative notice of the 2005 State Department Report to further assess the reasonableness of Bah's fear of persecution. *See* 8 C.F.R. §§ 1003.1(d)(3)(iv), 1003.3(f) (permitting the BIA to take notice of "commonly known facts such as current events or the contents of official documents"). As the BIA noted, the report indicates that Bah's assertion that rebel forces would gain control of the country after international peacekeepers left was speculative. Accordingly, the record supports the agency's determination that Bah's fear of persecution is no longer objectively reasonable. We also agree that because Bah failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

■ Finally, we agree with the BIA that Bah did not meaningfully raise a CAT claim to the BIA. *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). Accordingly, we dismiss the unexhausted claim. 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 118, 119 n. 18 (2d Cir.2007), *amending* 461 F.3d 101, 104 (2d Cir.2006). In addition, Bah failed to argue before the BIA that he qualifies for asylum under 8 C.F.R. § 1208.13(b)(1)(iii), and we decline to reach that argument where the government opposes our review of that unexhausted issue. *See* 480 F.3d at 107 n. 1.

For the foregoing reasons the petition for review is DENIED in part and DISMISSED in part. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.