**FENG CHEN, also known as Chia Chieh Wang, Petitioner,**

v.

**Alberto GONZALES, U.S. Attorney General, Respondent.**

No. 06–3934–ag.

United States Court of Appeals, Second Circuit.

May 21, 2007.

Liu Yu, New York, NY, pro se.

Gregory A. White, United States Attorney for the Northern District of Ohio, Duncan T. Brown, Assistant United States Attorney, Cleveland, OH, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Petitioner Feng Chen, a citizen of the People's Republic of China, seeks review of an August 4, 2006 order of the BIA, affirming the March 28, 2005 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Feng Chen a.k.a. Chia Chieh Wang*, No. A96 229 998 (B.I.A. Aug. 4, 2006), *aff'g* No. A96 229 998 (Immig. Ct. N.Y. City Mar. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision directly. *See Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhao Jin Lin v. Attorney General of U.S.*, 441 F.3d 193, 195 (2d Cir.2006); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, substantial evidence supports the IJ's finding that Chen failed to present a credible claim for relief. First, Chen testified inconsistently regarding the dates of his arrests. His explanation for the inconsistency was itself undermined by subsequent incredible statements about the order of months and seasons such that a reasonable adjudicator would not be compelled to credit the explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Second, because Chen's alleged status as a Jehovah's Witness was crucial to his

claims for relief, the omission of this fact from both Chen's asylum application and the letter he submitted from a Christian church in China further supports the IJ's adverse credibility finding. *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 112 (2d Cir.2005). Chen's inconsistent testimony about when he became a Jehovah's Witness only reinforced that determination.

Although the IJ may have erred in discrediting purportedly corroborative documents because they were not authenticated pursuant to federal regulations, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–05 (2d Cir.2005), any such error was harmless because the IJ did not question Chen's identity in assessing his credibility, and the reliability of the church letter was otherwise suspect because of its critical omission. We need not address Chen's other challenges to the findings because, in light of the substantial evidence already discussed, we can confidently predict that the same result would have been reached even without these other findings. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006).

Finally, we deem Chen's asylum and CAT claims to be waived, as he did not raise these issues to the Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).