Jose MAZARIEGO, a.k.a Eduardo Rodriguez, Petitioner,

v.

Alberto GONZALES, Attorney General of the United States, Respondent.

No. 04–2092–ag.

United States Court of Appeals, Second Circuit.

May 29, 2007.

Parker Waggaman, Law Offices of Parker Waggaman, P.C., New York, NY, for Petitioner.

Victoria S. Shin, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, William J. Nardini, Assistant United States Attorney, on the brief), United States Attorney's Office for the District of Connecticut, New Haven, CT, for Respondent.

PRESENT: WALKER, JOSÉ A.CABRANES, Circuit Judges, RICHARD M. BERMAN *, District Judge.

### SUMMARY ORDER

Petitioner seeks review of an order of the BIA summarily affirming an order of Immigration Judge ("IJ") Robert D. Weisel that denied petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordered him removed to El Salvador. *In re Mazariego*, No. A 79 111 632 (B.I.A. Mar. 24, 2004), *aff'g* No. A 79 111 632 (Immig. Ct. N.Y. City Jan. 8, 2003). When the BIA summarily affirms the decision of the IJ, we review the IJ's decision as the final agency determination. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We assume the parties' familiarity with the facts and procedural history of the case.

Petitioner contends that remand is required as to his application for asylum[1] because (1) the IJ did not "announce

---

1. Petitioner does not challenge the denial of his applications for withholding of removal and CAT relief.

what would, in his opinion, raise the level of harm or concern to that which would be worthy of protection," and (2) the IJ failed to take into consideration petitioner's HIV-positive status when analyzing whether he had a well-founded fear of future persecution. These arguments are without merit. Petitioner offers no support for the proposition that an IJ must hypothesize a scenario where relief would be available, and the record belies petitioner's contention that the IJ ignored petitioner's HIV-positive status. Petitioner also makes the conclusory argument that "[b]ased upon the evidence and testimony it appears that the fear is reasonable and real, subjectively and objectively." We think this general invocation of the record, without any citation to documentary or testimonial evidence therein, is insufficient to preserve the issue before us. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Moreover, if we were to reach the issue, we would be required to conclude that petitioner's evidence does not *compel* a reasonable adjudicator to find that petitioner has established a well-founded fear of persecution. *See* 8 U.S.C. § 1252(b)(4)(B); *Rizal v. Gonzales,* 442 F.3d 84, 89 (2d Cir.2006); *Zhao Jin Lin v. Attorney Gen. of U.S.,* 441 F.3d 193, 195 (2d Cir.2006); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We have considered all of petitioner's arguments and find them to be without merit. The petition for review is **DENIED.**