**Mohamed BELJOUDI, Zahia Beljoudi, Petitioners,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

Nos. 06–5050–ag (L), 06–5112–ag (con).

United States Court of Appeals, Second Circuit.

July 31, 2007.

Anne E. Doebler, Buffalo, NY, for Petitioners.

Donald W. Washington, United States Attorney for the Western District of Louisiana, Katherine W. Vincent, Assistant United States Attorney, Lafayette, LA, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioners Mohamed Beljoudi and Zahia Beljoudi, married citizens of Algeria, seek review of two October 6, 2006 orders of the BIA affirming the May 11, 2005 decision of Immigration Judge ("IJ") Michael Rocco, denying their applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Mohamed Beljoudi,* No. A73 560 879 (B.I.A. Oct. 6, 2006), *aff'g* No. A73 560 879 (Immig.Ct.Buffalo, N.Y. May 11, 2005); *In re Zahia Beljoudi,* No. A97 917 140 (B.I.A. Oct. 6, 2006), *aff'g* No. A97 917 140 (Immig.Ct.Buffalo, N.Y. May 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhao Jin Lin v. Attorney General of U.S.,* 441 F.3d 193, 195 (2d Cir.2006). The Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

As an initial matter, substantial evidence supported the IJ's findings regarding past persecution. Although Beljoudi[1] stated that he lived in "anguish and fear of murderous attack[s]," the IJ was not compelled to conclude that Beljoudi had to meet his burden of proving that his psychological distress was sufficiently severe to rise to the level of persecution, particularly when Beljoudi continued to work until he left Algeria and he alleged no violence or harm to him.

However, we find that substantial evidence does not support the IJ's finding that Beljoudi would reasonably fear only random acts of civil violence in Algeria. Although the IJ accurately noted that the 1998 State Department Asylum Profile indicates that many Algerians flee their country because of general strife between government security forces and militant Islamic fundamentalists, it also indicates that some Algerians alleging that they have been targeted because of their political beliefs have "legitimate fears."

More importantly, Beljoudi provided testimony, which the IJ did not reject, and documentary corroboration that he was individually targeted for persecution, where he received weekly death threats, both written and verbal, in which he was told that he would be killed because he was a teacher who was involved with the Algerian Movement for Justice and Development ("MJD") political party.

Furthermore, the IJ's characterization of Beljoudi's death threats as non-menacing is not reasonable, where he testified that other members of the MJD party received similar threats before they were murdered. We note that although threats alone may not be sufficient to establish

---

1. We note that Zahia Beljoudi's claims rely almost entirely on her husband's testimony and evidence.

past persecution, they do support Beljoudi's fear of future persecution. *See Sotelo–Aquije v. Slattery,* 17 F.3d 33, 35–36 (2d Cir.1994).

Accordingly, even if the IJ's finding that Beljoudi should have provided more current evidence that he was being sought in Algeria is reasonable, we would be unable to predict with confidence the same result on remand on this finding alone. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006). As such, we remand the case for further consideration of the Petitioners' asylum claims. In addition, because the IJ based the denial of the Beljoudis' applications for withholding of removal on the same analysis, we remand those claims as well. Finally, we note that the Petitioners do not challenge the agency's denial of their applications for CAT relief, and deem those claims waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Accordingly, Mohamed Beljoudi's and Zahia Beljoudi's petitions for review are GRANTED the orders of the BIA are VACATED and the cases are REMANDED to the BIA for further consideration. The pending motion for a stay of removal is DISMISSED as moot. The pending request to waive oral arguments is DENIED as moot.