**SONG YIENG JIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–0329–ag.**

United States Court of Appeals,
Second Circuit.

Aug. 21, 2007.

Theodore N. Cox (Maunica Sthanki, on the brief), New York, NY, for Petitioner.

Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, Andrew J. Lay, Assistant United States Attorney, St. Louis, MO, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Song Yieng Jin, a citizen of the People's Republic of China, seeks review of a December 30, 2005 order of the Board of Immigration Appeals ("BIA"), affirming the April 6, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom, denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Song Yieng Jin,* No. A72 214 235 (B.I.A. Dec. 30, 2005), *aff'g* No. A72 214 235 (Immig. Ct. N.Y. City Apr. 6, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and supplements the decision of the IJ, this Court reviews the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). As an initial matter, contrary to the government's arguments, we note that the IJ did not make an adverse credibility determination in his April 6, 2004 decision. Although he indicated that his previous decision, rendered in November 1995, "remained undisturbed," and that he "incorporated" the summary of Jin's previous testimony and evidence into his April 2004 decision, the IJ did not find Jin's 2004 allegations to be incredible. Furthermore, we find that the BIA's reloca-

tion analysis was an inappropriate exercise in *de novo* review, where the IJ did not make such a finding in the first instance. *See* 8 C.F.R. §§ 1003.1(d)(3)(i), 1003.3(f); *Fen Yong Chen v. BCIS*, 470 F.3d 509, 513–14 (2d Cir.2006). However, the BIA did not err in rejecting the evidence Jin submitted for the first time on appeal. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 344 (2d Cir.2006).

■ We turn now to the merits of Jin's claims. We review the agency's factual findings, including an IJ's determination of whether an applicant possesses a well-founded fear of persecution, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhao Jin Lin v. Att'y Gen. of U.S.*, 441 F.3d 193, 195 (2d Cir. 2006) (per curiam). A factual determination "based on flawed reasoning ... will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal*, not factual, error." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Here, contrary to Jin's arguments, the IJ did not utilize an inappropriately stringent standard in evaluating the reasonableness of his fear of persecution. The IJ explicitly noted that asylum eligibility is met "by a showing of circumstances under which a reasonable person would fear persecution," and proceeded to apply that standard. Moreover, substantial evidence supports the IJ's finding that the testimony of Dr. John Aird failed to establish a pattern and practice of coercive family planning in China.[1] We agree that three cases of persecution occurring over a thirteen-year period does not establish a pattern or practice of persecution in China.

■ However, we find error in the IJ's finding that Jin failed to establish a reasonable likelihood that he would be individually targeted for persecution. Although the IJ acknowledged Jin's testimony that his brother was a victim of coercive sterilization only one month before Jin's hearing, the IJ made no analysis or findings regarding the import of that testimony. The allegation that Jin's brother was forcibly sterilized, and thus persecuted in the same manner that Jin fears, could be material to Jin's claims. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 & n. 2 (2d Cir. 1999). Although the IJ may have had good reason to give diminished weight to this allegation, the absence of any analysis indicating such reasons leaves us unable to adequately review his decision. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004).

Accordingly, we remand to the agency for further consideration of Jin's asylum claim. In addition, because the IJ based the denial of Jin's applications for withholding of removal and CAT relief on the same or similar analysis, we also remand those claims for further consideration.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings. Having completed our review, petitioner's pending mo-

---

1. We note that our decision to remand in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), does not pertain to Jin's case because the documents at issue in *Guo* are not in the administrative record here. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 261–62 (2d Cir.2007).

tion for a stay of removal in this petition is DENIED as moot.