SUMMARY ORDER

Petitioner Cui Yan Chen, a native and citizen of the People’s Republic of China, seeks review of a March 28, 2008 order of the BIA affirming the July 3, 2006 decision of Immigration Judge (“IJ”) Thomas J. Mulligan, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Cui Yan Chen, No. A 95 710 125 (B.I.A. Mar. 28, 2008), aff'g No. A 95 710 125 (Immig. Ct. N.Y. City Jul. 3, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
“Where the BIA adopts and merely supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA.” Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). However, when the BIA affirms the IJ’s decision in some respects but not others, we review the IJ’s decision as modified by the BIA’s decision, i.e., minus the arguments for denying relief that were rejected by the BIA. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA’s decision focused on the IJ’s holding that Chen failed to meet her burden of proof, making it unclear whether the BIA agreed with the IJ’s adverse credibility determination, which was an alternative basis upon which the IJ denied Chen relief. Thus, we dispose of Chen’s case on burden of proof grounds and “assume, but do not determine” her credibility for purposes of our analysis. Yan Chen, 417 F.3d at 271.
We review the agency’s factual findings under the substantial evidence standard. See Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008); see also 8 U.S.C. § 1252(b)(4)(B). ‘We review de novo questions of law and the application of law to undisputed fact.” Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Upon our review of the record, we conclude that the BIA did not err in finding that Chen failed to establish her eligibility for relief. The record supports the agency’s conclusion that Chen did not demonstrate that she suffered past persecution at the hands of the Chinese government. Chen testified that she has never been arrested by Chinese authorities, and has never claimed that she was otherwise detained or mistreated. We agree with the agency that Chen’s claim that the police sought to arrest her, forcing her to *447 flee from her home, did not rise to the level of persecution, which “does not encompass mere harassment.” Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006).
We also hold that substantial evidence supports the agency’s conclusion that Chen failed to demonstrate that she has a well-founded fear of future persecution. Chen testified that she did not practice Falun Gong in China and does not practice it in the United States. Furthermore, her involvement with Falun Gong was limited to distributing flyers on two occasions in China, six years prior to her departure, and distributing flyers in 2005 in New York. Under these circumstances, we “hold that a reasonable adjudicator would not be compelled to conclude,” contrary to the agency’s determination, that Chen established an objectively well-founded fear of persecution. Zhao Jin Lin v. U.S. Att’y Gen., 441 F.3d 193, 195 (2d Cir.2006).
Because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 155 & 157 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).