**SHAO MEI LI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–40223.**

United States Court of Appeals, Second Circuit.

Sept. 15, 2005.

Gary J. Yerman, New York, New York, for Petitioner.

Anne M. Hayes, Assistant United States Attorney (David J. Cortes, Assistant United States Attorney, on the brief), for Frank D. Whitney, United States Attorney for the Eastern District of North Carolina, Raleigh, North Carolina, for Appellee.

Present: McLAUGHLIN, RAGGI, Circuit Judges, and RAKOFF, District Judge.[1]

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the order of the Board of Immigration Appeals ("BIA"), filed on July 2, 2003, affirming the January 24, 2002 decision of an Immigration Judge ("IJ") denying petitioner's applications for asylum or withholding of removal, is hereby GRANTED and the case REMANDED for further proceedings.

Petitioner Shao Mei Li, a citizen of China, asserts that she suffered persecution, specifically, forcible abortion and threatened sterilization, in her native country. She submits that the BIA erred as a matter of law in summarily affirming an IJ's denial of asylum or withholding of removal upon a finding that petitioner's claim of persecution was not credible. The parties agree that, in April 2004, approximately

---

nine months after the decision here at issue, immigration officials recommended and the Attorney General granted Shao Mei Li's husband asylum on the basis of *her* alleged persecution. *See Zhang v. United States INS*, 386 F.3d 66, 71–72 (2d Cir.2004) (discussing husband's right to seek asylum based on wife's forced abortion or sterilization). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

When the BIA summarily affirms the decision of an IJ, we review the latter ruling directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). The IJ's findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Immigration and Nationality Act ("INA") § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B); *see Zhang v. United States INS*, 386 F.3d at 73 & n. 7. We will not disturb the findings of the IJ if they are "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). When, as in this case, a factual challenge pertains to an IJ's credibility finding, "we afford 'particular deference' in applying the substantial evidence standard." *Zhang v. United States INS*, 386 F.3d at 73 (quoting *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997)).

In applying these principles, we recognize that our own review is statutorily limited to "the administrative record on which the [challenged] order of removal is based." 8 U.S.C. § 1252(b)(4)(A). We may not "reverse the BIA" simply because we disagree with its (or the IJ's) evaluation of the facts. *Zhang v. United States INS*, 386 F.3d at 74. In this case, however, the issue is not our own agreement or disagreement with the findings of the agency charged with primary responsibility for assessing asylum claims. Rather, we identify a more fundamental concern: the agency appears to be in disagreement with *itself* as to the credibility of Shao Mei Li's persecution claim, discrediting the account when advanced directly by petitioner but then crediting it when advanced derivatively by her husband. It is difficult to imagine how a rational system of law could tolerate such in consistent results. *See Xuan Wang v. Ashcroft*, 341 F.3d 1015, 1019 & n. 2 (9th Cir.2003). Accordingly, we remand this case for further proceedings to allow the BIA to reconsider petitioner's asylum and withholding application in light of the relief afforded her husband on a derivative claim of spousal persecution.

We GRANT the petition for review and REMAND for further proceedings consistent with this order.