**MIN GUO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–4421–ag.

United States Court of Appeals, Second Circuit.

July 6, 2007.

Alexander Kwok–Ho Yu, New York, NY, for Petitioner.

Joanne E. Johnson, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. (Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, Deborah L. Golemon, Assistant United States Attorney, St. Louis, MO, on the brief).

PRESENT: Hon. RALPH K. WINTER, JR., Hon. JOSÉ A. CABRANES and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Min Guo, a citizen of the People's Republic of China, seeks review of a July 20, 2005 order of the BIA affirming the January 27, 2004 decision of Immigration Judge ("IJ") Michael W. Straus denying Guo's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Min Guo*, No. A77 978 090 (B.I.A. Jul. 20, 2005), *aff'g* No. A77 978 090 (Immig. Ct. N.Y. City Jan. 27, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA agrees with the IJ's result and with certain elements of the IJ's reasoning, while remaining silent as to other elements and not expressly "adopting" the IJ decision, we review the BIA decision as supplemented by those parts of the IJ decision that it has endorsed. *See generally Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006) (cataloging permutations of IJ and BIA decisions). We review factual findings under the substantial evidence standard, *see* 8 U.S.C. § 1252(b)(4)(B), and questions of law *de novo, see Yan Fang Zhang v. Gonzales*, 452 F.3d 167, 171 (2d Cir.2006).

We do not consider Guo's claims for withholding of removal and relief under the CAT, because he has failed to argue these claims meaningfully in his brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

Regarding Guo's asylum claim, the BIA determined that Guo failed to present sufficient, reliable evidence to meet his burden of proof. We agree. Where, as here, the only evidence in support of an asylum claim is the uncorroborated testimony of the applicant concerning events on which he has no first-hand knowledge, the agency does not err in concluding that the applicant has failed to meet his burden. *See Zhen Nan Lin v. United States Dep't of Justice*, 459 F.3d 255, 272 (2d Cir.2006) (holding BIA erred in relying on hearsay statements of declarant with "motivation to be less than candid" in consular report, because those circumstances "indicate a severe lack of trustworthiness" rendering evidence "inherently unreliable"). To the extent petitioner faults the IJ for not finding reasonable his explanations for failing to offer corroborative evidence, we need not pursue that point because a reasonable explanation for lack of corroboration cannot transform insufficient evidence into sufficient evidence. *Cf. Diallo v. INS*, 232 F.3d 279, 283–85 (2d Cir.2000) (holding agency cannot fault petitioner for reasonable failure to adduce corroborative evidence in case in which he offers credible, direct evidence of persecution).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DISMISSED as moot.