QING BO QU, Petitioner,

v.

Peter D. KEISLER, Acting, Attorney General [1], Respondent.

No. 07–0148–ag.

United States Court of Appeals, Second Circuit.

Oct. 18, 2007.

---

1. Pursuant to Appellate Fed. R.App. P. 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Joan Xie, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa Arnold, Senior Litigation Counsel, Keith McManus, Trial Attorney, Office of Immigration Litigation Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Qing Bo Qu, a native and citizen of China, seeks review of a December 21, 2006 order of the BIA affirming the July 14, 2005 decision of Immigration Judge ("IJ") Paul DeFonzo, denying Qu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Bo Qu,* No. A97 160 378 (B.I.A. Dec. 21, 2006), *aff'g* No. A97 160 378 (Immig. Ct. N.Y. City July 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See *Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). However, when the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e.,

"minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA supplemented the IJ's decision and rejected the IJ's adverse credibility finding but otherwise affirmed the decision in all respects. Thus, we will review the IJ's decision as supplemented and modified by the BIA, minus the IJ's adverse credibility finding. See *Yu Yin Yang,* 431 F.3d at 85; *Xue Hong Yang,* 426 F.3d at 522.

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ Here, the agency's finding that Qu failed to establish a nexus between her treatment by the Chinese authorities and a protected ground specified in the asylum statute is not supported by substantial evidence. See 8 U.S.C. § 1101(a)(42). In order to establish persecution on account of political opinion, an applicant must show that the persecutor is motivated by his or her perception of the applicant's opinion, rather than by his or her own political beliefs. See *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). However, it is not necessary that the applicant in actuality hold that political belief; it is well-established that "an imputed political opinion, whether correctly or incorrectly

attributed, can constitute a ground of political persecution within the meaning of the Immigration and Nationality Act." *See Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005). In this case, neither the IJ nor the BIA gave adequate consideration to the possibility that the Chinese authorities imputed Qu's husband's political opinion to Qu herself and mistreated her on that basis.

The IJ concluded that the police arrested Qu not because of any actual or imputed political opinion but simply because she was creating a disturbance in a public space. However, the IJ provided no analysis of the motivation behind the mistreatment that Qu endured after her arrest, during her one-month long detention. Even assuming that the police arrested Qu for, as the IJ put it, creating "a ruckus at the citizens complaint office," it does not necessarily follow that they subsequently beat and interrogated her for the same reason. *Cf. Yan Fang Zhang v. Gonzales,* 452 F.3d 167, 172 (2d Cir.2006) (finding that the police's removal of petitioner from factory premises where she was participating in a demonstration, without subsequently detaining or mistreating her, did not constitute persecution on the basis of political opinion).

Additionally, the agency did not consider the possibility that the Chinese authorities had mixed motives for their treatment of Qu. We have held that "[t]he plain meaning of the phrase 'persecution on account of the victim's political opinion' does not mean *solely* on account of the victim's political opinion." *Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir.1994). Persecutors may have multiple motives for their acts, only some of which are related to a protected ground. *See In re S–P–,* 21 I. & N. Dec. 486, 489 (B.I.A. 1996). In such cases, "an applicant does not bear the unreasonable burden of establishing the exact motivation of a 'persecutor' where different reasons for action are possible." *Id.* at 489–90 (B.I.A. 1996) (quoting *Matter of Fuentes,* 19 I. & N. Dec. 658, 662 (B.I.A. 1988)). The IJ may have been correct that the police arrested Qu because she was disturbing the peace and thus breaking the law. However, this does not preclude the possibility that they were also motivated by their perceptions of Qu's political opinion when they arrested her or engaged in their subsequent mistreatment of her.

■ The agency's failure to consider adequately the issues of imputed political opinion and mixed motives played a large part in its finding that Qu had not suffered past persecution and did not have a well-founded fear of future persecution on account of her political opinion. *See Uwais v. U.S. Att'y Gen.,* 478 F.3d 513, 519 (2d Cir.2007). The agency's finding that Qu failed to establish a nexus to a protected ground was also the primary basis for its denial of Qu's claim for withholding of removal.[2] *See id.* It is therefore not possible to predict with confidence that the agency would reach the same conclusion if it engaged in the proper analysis and applied the appropriate legal standards. *See id.* Accordingly, the petition will be granted and the case remanded to the BIA for further consideration of Qu's asylum and withholding of removal claims.

■ However, Qu's petition is denied with respect to her CAT claim. Qu did not

---

**2.** We reject the government's argument that Qu waived and failed to administratively exhaust her withholding claim. The arguments in Qu's brief that address the agency's nexus finding apply to Qu's withholding claim as well as to her asylum claim.

request CAT relief before the IJ despite ample opportunity to do so and did not protest when the IJ told the government attorney at her hearing that she had raised no CAT claim. Nonetheless, this Court may review Qu's CAT claim because Qu raised the claim in her brief to the BIA and the BIA explicitly addressed the claim in its decision. *Xian Tuan Ye v. DHS*, 446 F.3d 289, 296–97 (2d Cir.2006).

■ Qu argues that the agency failed to engage in a sufficiently thorough, independent analysis of her CAT claim. However, the BIA *did* perform an independent analysis of her CAT claim, finding that the record did not establish a clear probability that Qu would be tortured upon returning to China. Because no reasonable factfinder would be compelled to conclude to the contrary, we deny the petition for review with respect to Qu's CAT claim. *Zhou Yun Zhang*, 386 F.3d at 73 & n. 7.

For the foregoing reasons, the petition for review is GRANTED in part and DE-NIED in part. The BIA's order is VA-CATED, and the case is remanded to the BIA for further proceedings consistent with this order.