**Wen–Lin LIU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–0900–ag.**

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

---

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Linda S. Wernery, Assistant Director, Erica B. Miles, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present JOSEPH M. McLAUGHLIN, ROBERT A. KATZMANN and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Wen–Lin Liu, a native and citizen of the People's Republic of China, seeks review of a February 4, 2008 order of the BIA affirming the May 23, 2006 decision of Immigration Judge ("IJ") Philip J. Montante, Jr., denying Liu's application for asylum and withholding of removal. *In re Wen–Lin Liu,* No. A74 855 806 (B.I.A. Feb. 4, 2008), *aff'g* No. A74 855 806 (Immig.Ct.Buffalo, N.Y. May 23, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, even though Liu argued in his brief that he is eligible for relief under the Convention Against Torture ("CAT"), because he abandoned any potential CAT claim before the IJ, we are without jurisdiction to consider Liu's arguments concerning his eligibility for that relief. 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006).[1] We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. DHS,* 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ The agency properly found that Liu failed to establish past persecution or a well-founded fear of persecution on account of his political opinion where Liu was merely "challenging 'isolated, aberrational acts of [official] greed or malfeasance.'" Liu argues that the agency erred in finding that he failed to show a political opinion because "[t]he very fact that he was attempting to organize workers who were not members of an official union is what caused the government in China to order [his] arrest because his organization, small as it was, constituted and constitutes still a threat to the government's political authority."

We have acknowledged that "the requisite determination of whether [a petitioner] adduced sufficient evidence to show that his persecutors were motivated by his opposition to the government itself is a complex and contextual factual inquiry." *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 548 (2d Cir.2005). In making this inquiry, the "important questions" for determining whether an applicant's opposition to gov-

---

1. Liu argues that he was denied due process when the BIA issued a decision that was "only cursory, summary or conclusory." We find this argument to be without merit because the regulations give a Board member the power to "issue a *brief* order affirming, modifying, or remanding the decision for review." 8 C.F.R. § 1003.1(e)(5) (emphasis added). Here, the BIA issued a brief decision that essentially affirmed the IJ's merits decision, which thoroughly explains the agency's reasons for the denial of Liu's requests for relief. Accordingly, the BIA properly issued its decision pursuant to 8 C.F.R. § 1003.1(e)(5).

ernment corruption is based on a political opinion are: (1) "whether the applicant's actions were 'directed toward a government institution, or only against individuals whose corruption was aberrational' "; and (2) "whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to a challenge to isolated, aberrational acts of greed or malfeasance." *Id.* (quoting *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1135 (9th Cir.2004)). With respect to the first prong, the agency properly found that Liu only challenged isolated acts of official greed and malfeasance. *See id.* at 548. Liu testified that he protested so that he would be paid what he was owed. Thus the agency properly concluded that his protest was "solely to resolve a contractual dispute with a small group of local officials, not to make a larger anti-government statement."

As to the second prong, the agency reasonably found that the government response was not an attempt to suppress a challenge to its own "legitimacy or authority." Liu testified that he had not obtained a permit or informed the government of the protest. Thus it was reasonable to conclude that the police may have broken up the protest merely because it violated restrictions on public assembly. *See Yan Fang Zhang v. Gonzales*, 452 F.3d 167, 172 (2d Cir.2006) (finding no indication of political motivation where police removed workers protesting recent lay-offs from factory premises). Although an arrest warrant indicates that Liu "organized workers of [a] labor union," this does not compel a conclusion that the police were seeking to persecute Liu for challenging a governing institution. *See* 8 U.S.C. § 1252(b)(4)(B); *Yueqing Zhang*, 426 F.3d at 548. Accordingly, Liu's argument that his organization of a protest resulted in persecution on the basis of a political opinion fails. Hence, the agency properly found that Liu did not suffer persecution or have a well-founded fear of persecution on account of his political beliefs. *See* 8 U.S.C. § 1101(a)(42)(A).

██ Liu's failure to establish statutory eligibility for asylum necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

