SUMMARY ORDER

Macary Belizaire, a native and citizen of Haiti, seeks review of: (1) an October 15, 2007 order of the BIA vacating the December 10, 2001 decision of Immigration Judge (“IJ”) Alan Vomacka granting his application for deferral of removal under the Convention Against Torture (“CAT”), In re Macary Belizaire, No. A41 055 892 (B.I.A. Oct. 15, 2007), vacating in part No. A41 055 892 (Immig. Ct. N.Y. City Dec. 10, 2001); and (2) a February 29, 2008 order of the BIA denying his motion to reopen, In re Macary Belizaire, No. A41 055 892 (B.I.A. Feb. 29, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
Belizaire is removable by reason of having committed a criminal offense covered by 8 U.S.C. § 1227(a)(2)(A)(iii) (relating to convictions for aggravated felonies); accordingly, we lack jurisdiction to review *677 the agency’s factual findings and discretionary determinations. See 8 U.S.C. § 1252(a)(2)(C). The jurisdictional bar imposed by 8 U.S.C. § 1252(a)(2)(C) likewise applies to the agency’s denial of Belizaire’s motion to reopen. See Santos-Salazar v. U.S. Dep’t of Justice, 400 F.3d 99, 103 (2d Cir.2005) (citing Durant v. INS, 393 F.3d 113, 114-16 (2d Cir.2004)). However, we retain jurisdiction to review any constitutional claims or questions of law Belizaire raises in his petitions for review. See 8 U.S.C. § 1252(a)(2)(D). But a mere quarrel “over the correctness of the factual findings or justification for the discretionary choices” is not a constitutional or legal question. Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 329 (2d Cir.2006). Nor is a legal argument that is frivolous. Barco-Sandoval v. Gonzales, 516 F.3d 35, 40 (2d Cir.2008) (citations omitted).
I. No. 07-4885-ag (L): BIA’s Denial of Deferral of Removal
We lack jurisdiction to consider the majority of Belizaire’s challenges to the BIA’s decision vacating the Id’s grant of deferral of removal under the CAT. Belizaire does, however, raise a question of law as to whether the BIA applied an incorrect standard of review on remand. See Xiao Ji Chen, 471 F.3d at 328-29. But this argument is foreclosed by our decision in Belortaja v. Gonzales, in which we concluded that the BIA reasonably applies the pre-September 2002 de novo standard of review to appeals originally filed with the BIA before September 2002 but remanded to the BIA after that date. 484 F.3d 619, 624 & n. 3 (2d Cir.2007). Belizaire’s reliance on an unpublished order of this Court is misplaced. Even if that order had precedential value, the government is correct that the procedural posture in that case was materially different, the BIA having dismissed the original pre-September 2002 appeal and having reopened the appeal after that date.
We lack jurisdiction to consider the balance of Belizaire’s arguments challenging the BIA’s denial of his request for deferral of removal. See 8 U.S.C. § 1252(a)(2)(C). Although Belizaire’s argument that the BIA unambiguously mischaracterized the record appears at first to present a question of law, Maiwand v. Gonzales, 501 F.3d 101, 105 (2d Cir.2007), in substance his argument simply amounts to a challenge of the agency’s factual findings, see Ilyas Khan v. Gonzales, 495 F.3d 31, 36 (2d Cir.2007). Specifically, Belizaire contends that the BIA miseharaeterized the record when it determined that he had submitted no evidence that Haitian prison authorities intentionally deprive mentally ill prisoners of medication or that they intentionally subject the mentally ill to mistreatment. Belizaire merely contests the BIA’s factual determination that, contrary to the IJ’s finding, Belizaire did not demonstrate that Haitian prison authorities mistreat or acquiesce in the mistreatment of mentally ill prisoners. We lack jurisdiction to review his argument. See id.
We similarly lack jurisdiction to review Belizaire’s argument that his proceedings before the agency were fundamentally unfair because he was not permitted to develop the record with evidence that any mistreatment he would likely suffer would be inflicted with the “specific intent” to torture. See Li Hua Lin v. U.S. Dept. of Justice, 453 F.3d 99, 104-05 (2d Cir.2006). While Belizaire frames this argument as a due process challenge, a cursory review of the record reveals that he had several opportunities to develop the record as to the issue of specific intent. See Xiao Ji Chen, 471 F.3d at 329. Equally without merit is Belizaire’s argument that the BIA arbitrarily and capriciously treated him differently from six similarly-situated mentally ill Haitian criminal de *678 portees granted deferral of removal under the CAT in various unpublished BIA decisions. However, the BIA reasonably explained the differences in treatment. See Yan Fang Zhang v. Gonzales, 452 F.3d 167, 174 (2d Cir.2006). Accordingly, we lack jurisdiction to consider Belizaire’s argument. See Barco-Sandoval, 516 F.3d at 40.
Since Belizaire’s arguments challenging the BIA’s decision on remand are either unavailing or amount to a dispute over the agency’s factual findings, we dismiss his petition for review of that decision in part and deny it in part.
II. No. 08-1500-ag (Con): Motion to Reopen
Belizaire’s petition for review of the BIA’s denial of his motion to reopen argues that the BIA abused its discretion by failing to provide any rational explanation for finding that the new evidence that he submitted in support of his motion did not demonstrate material changed country conditions or his prima facie eligibility for relief. See Xiao Ji Chen, 471 F.3d at 329.[2]
As to this argument, we have jurisdiction. Although the agency need not “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner,” Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks omitted), the agency “h[as] a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim,” Shou Yung Guo v. Gonzales, 463 F.3d 109, 115 (2d Cir.2006) (quoting Poradisova v. Gonzales, 420 F.3d 70, 81 (2d Cir.2005)); see also Zhi Yun Gao v. Mukasey, 508 F.3d 86, 87-88 (2d Cir.2007).
In this case, other than its citation to Pierre v. Gonzales, 502 F.3d 109 (2d Cir.2007), the BIA’s decision provides no basis for its determination that Belizaire’s new evidence did not demonstrate his prima facie eligibility for relief. However, Belizaire submitted an affidavit from an expert on U.S. criminal deportees in Haiti. The affidavit provides that mentally ill criminal deportees are deprived of medication in Haitian prisons and that prison authorities and prisoners intentionally mistreat mentally ill criminal deportees, whom they believe are under a curse or spell, thereby exposing them to dangers exceeding those that non-mentally ill criminal deportees face. These facts seem material to Belizaire’s case, particularly since the BIA denied his application for deferral of removal for his failure to submit evidence demonstrating that he would not receive his medication in Haitian prison and that he would be mistreated on account of his mental illness.
The BIA’s citation of Pierre does not adequately explain the BIA’s conclusion. Pierre recognized that while “imprisonment in Haiti without more is not torture,” criminal deportees “with certain histories, characteristics, or medical conditions” may be able to demonstrate that they will more likely than not be tortured. 502 F.3d at 121-22. The evidence Belizaire submitted in support of his motion to reopen suggests that mentally ill criminal deportees may be more likely to be intentionally mistreated; so the BIA’s reason for relying on Pierre is unclear. The BIA abused its discretion by failing to consider that *679 evidence — in particular the affidavit from Michelle Karshan. See Zhi Yun Gao, 508 F.3d at 88; see also Poradisova, 420 F.3d at 77. Accordingly, we remand to the BIA for it to explicitly consider the evidence Belizaire submitted in support of his motion to reopen.
For the foregoing reasons, the petition for review in docket number 07-4885-ag (L) is DISMISSED in part and DENIED in part. The petition for review in docket number 08-1500-ag (Con) is GRANTED. The petitioner’s motion for a stay of removal is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Where Belizaire’s motion to reopen was timely, see 8 C.F.R. § 1003.2(c)(2), the BIA’s determination that he failed to demonstrate material changed country conditions — an exception to the time limitation for filing a motion to reopen — was irrelevant to the adjudication of his motion, cf. 8 C.F.R. § 1003.2(c)(3)(h) (excepting from the time limitation motions to reopen based on changed country conditions).