08-0282-ag (L); 09-3416-ag (Con)
Wang v. Holder

BIA
Bukszpan, IJ
A095 850 961

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of September, two thousand ten.

PRESENT:
>            GUIDO CALABRESI,
>            JOSÉ A. CABRANES,
>            PETER W. HALL,
>                 *Circuit Judges*.

————————————————————————————————

XIU QIN WANG,
            *Petitioner*,

            v.                          08-0282-ag (L);
                                        09-3416-ag (Con)

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent*.

————————————————————————————————

FOR PETITIONER:        Richard Tarzia, Belle Mead, New
                       Jersey.

FOR RESPONDENT:        Gregory G Katsas, Assistant Attorney
                       General, James E. Grimes, Senior
                       Litigation Counsel, Lindsay B.
                       Glauner, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Qin Wang, a native and citizen of China, seeks review of: (1) the December 26, 2007, decision of the BIA, affirming the July 25, 2006, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, *In re Xiu Qin Wang*, No. A095 850 961 (B.I.A. Dec. 26, 2007), *aff'g* No. A095 850 961 (Immig. Ct. N.Y. City July 25, 2006); and (2) the July 15, 2009, decision of the BIA denying her motion to reopen and remand. *In re Xiu Qin Wang*, No. A095 850 961 (B.I.A. July 15, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I.   Dkt No. 08-0282-ag (L)**

**A.   BIA's Denial of Wang's Motion to Accept Untimely Brief**

As an initial matter, contrary to Wang's argument, the BIA did not err in denying her motion to accept her untimely brief. Although Wang argues that the untimeliness of her brief was due to an error by the company she used for delivery, as the BIA noted, "it recommends that parties file

as far in advance of [a filing] deadline as possible because short delays in delivery are to be expected and do not warrant consideration of an untimely appeal on certification." *See Matter of Vladimir Liadov*, 23 I & N Dec. 990 (BIA 2006) (noting that in two sections in the BIA Practice Manual, it "specifically cautions that use of an overnight delivery service does not mean that failing to meet filing deadlines will be excused")). Moreover, under 8 C.F.R. § 1003.3(c)(1), the BIA has the discretion to decide whether to consider briefs filed out of time. *See also Dedji v. Mukasey*, 525 F.3d 187, 192 (2d Cir. 2008) (holding that "IJs are accorded wide latitude in calendar management, and we will not micromanage their scheduling decisions any more than when we review such decisions by district judges." (citing *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006))).

**B.  Asylum and Withholding of Removal**

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d

3

90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

### 1. Asylum-Discretionary Denial[1]

The IJ denied Wang's application for asylum as a matter of discretion. A discretionary decision to grant or deny asylum will be "conclusive unless manifestly contrary to the law and an abuse of discretion." *Wu Zheng Huang v. INS*, 436 F.3d 89, 96 (2d Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(D)). The agency acts within its "discretion to deny asylum where the 'seriousness of [a petitioner's] criminal conduct' . . . [i]s not counterbalanced by any mitigating circumstances or witnesses." *Id.* at 100 n.12 (quoting *Kong Min Jian v. INS*, 28 F.3d 256, 258 (2d Cir. 2006)). In considering mitigating factors, the agency should consider past persecution, the danger of future persecution, a concession of removability, and family reunification. *Wu Zheng Huang*, 436 F.3d at 100-01.

Here, contrary to Wang's argument, the IJ did not abuse its discretion in finding that, although Wang's two U.S.

---

[1] As we find that the agency did not err in its discretionary denial of asylum, we decline to reach the agency's finding that Wang's subjective fear of persecution was undermined by the fact that she sent one of her children to stay in China.

4

citizen children were "very high positive factors" in support of a favorable exercise of discretion, those positive factors did not outweigh her "egregious" actions, which included: (1) entering the U.S. to marry someone who had already been ordered excluded; (2) filing "misleading" tax returns; (3) receiving "questionable" Medicaid benefits; (4) submitting "problematic" supporting documentation. Moreover, Wang points to nothing in the record to support her argument that the IJ erred in relying on these negative discretionary factors. Accordingly, because the IJ's findings were not "arbitrary or capricious," she did not abuse her discretion in denying Wang's asylum application as a matter of discretion.

## 2. Withholding of Removal

The IJ also did not err in denying Wang's application for withholding of removal because the background evidence that she submitted did not demonstrate that she would more likely than not be sterilized. Contrary to Wang's argument that the IJ erred in denying her application for withholding of removal because the IJ also found that the evidence "shows it is possible that [Wang] would be persecuted against her will," Wang was required to show that it was

"more likely than not" that she would be sterilized, rather than a mere possibility of sterilization. *See* 8 C.F.R. § 208.16(b)(1); *See Ramsameachire* v. Ashcroft, 357 F.3d 169, 178 (2d Cir. 2004). Moreover, in *Matter of J-W-S-*, the BIA held that much of the evidence that Wang submitted–the 2005 Department of State Country Report and the Aird affidavit–was insufficient to demonstrate an objectively reasonable fear of persecution for violating the family planning policy. 24 I & N Dec.185, 192 (2007). Additionally, Wang did not present any evidence of similarly situated individuals in China who had been persecuted for violating the family planning policy in the same manner that she did. Therefore, in the absence of support in the record for Wang's assertion that she would be persecuted, her fear, even if subjectively genuine, is not objectively reasonable. *See Ramsameachire*, 357 F.3d at 178; *Jian Xing Huang v. INS*, 421 F.3d 125, 128 (2d Cir. 2005) (explaining that "objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country"); *Yan Fang Zhang v. Gonzales*, 452 F.3d 167, 173 (2d Cir. 2006) (noting that although the petitioner established her subjective fear, she

6

was required to adduce some "other proof or objective facts" to demonstrate that her fear was objectively reasonable). Thus, because Wang's fear was not objectively reasonable, the agency did not err in finding that she failed to demonstrate that it was more likely than not that she would be sterilized if her returned to China. *See* 8 C.F.R. § 208.16(b)(1); *Ramsameachire*, 357 F.3d at 178.

**II.  Dkt No. 09-3416-ag (Con)**

We review the BIA's denial of a motion to reopen and remand for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

There is no dispute that Wang's motion to reopen and remand was untimely. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered). However, there are no time limitations when a motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R.

§ 1003.2(c)(3)(ii).

The BIA did not abuse its discretion by denying Wang's motion to reopen and remand because it reasonably found that she failed to submit evidence of changed country conditions. Contrary to Wang's argument, the BIA has considered generalized country conditions evidence similar to that which she submitted and rejected it as being insufficient evidence of changed country conditions. *See Matter of J-W-S-*, 24 I & N Dec. 185 (BIA 2007) and *Matter of S-Y-G-*, 24 I & N Dec. 247 (BIA 2007)); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008). Moreover, the BIA did not err in declining to consider the photocopied documents that Wang submitted which did not contain "original signatures, seals, nor authenticating information." *See* 8 C.F.R. § 1287.6; *Matter of S-Y-G-*, 24 I & N Dec. at 247.[2]

Accordingly, the BIA did not abuse its discretion in denying Wang's untimely motion to reopen and remand. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is

---

[2] We decline to address Wang's argument that she fears a significant fine would be imposed that would rise to the level of persecution because she failed to exhaust that argument before the agency. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk