Zhou v. Sessions

BIA
Hom, IJ
A205 825 460

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand seventeen.

PRESENT:
            JON O. NEWMAN,
            JOSÉ A. CABRANES,
            CHRISTOPHER F. DRONEY,
                *Circuit Judges.*
_____

GOUJUN ZHOU,
            *Petitioner,*

        v.                                          15-3058
                                                    NAC
JEFFERSON B. SESSIONS III,*
UNITED STATES ATTORNEY GENERAL,
            *Respondent.*
_____


_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**FOR PETITIONER:** Goujun Zhou, pro se, Flushing, NY.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Terri J. Scadron, Assistant Director; Anthony W. Norwood, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Goujun Zhou, a native and citizen of the People's Republic of China, seeks review of an August 28, 2015, decision of the BIA affirming an April 14, 2014, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Goujun Zhou,* No. 205 825 460 (B.I.A. Aug. 28, 2015), *aff'g* No. A205 825 460 (Immig. Ct. N.Y. City Apr. 14, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the findings that the BIA declined to reach—the adverse credibility determination and the conclusion that the harm suffered did not rise to the level of persecution. *See*

2

*Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The agency did not err in finding that Zhou failed to satisfy his burden for asylum, withholding of removal, or CAT relief.

Asylum and Withholding of Removal

In order to demonstrate eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 U.S.C. § 1231(b)(3)(A); *In re C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010). Relief "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). To establish that persecution or a fear of persecution is on account of an applicant's political opinion, the applicant must "show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the *applicant's*

3

political belief," rather than merely by the persecutor's *own* opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (emphasis added). Although retaliation for an applicant's opposition to endemic government corruption may constitute persecution on account of a political opinion, a persecutor's suppression of an applicant's challenge to isolated, aberrational acts of greed or malfeasance does not. *See id.* at 548.

Zhou claimed that police in China detained and beat him when he refused to leave his employer's office in protest of his employer's failure to pay him. Zhou testified that his employer had informed him that the company could not afford to pay anyone their entire salary, and he admitted that he had no bases to conclude that the company's inability to pay was due to corruption or other malfeasance. Further, he admitted that he was not politically active or a member of any unions or other organizations in China. Because Zhou did not assert any facts to support a finding that he had acted (or that police believed him to have acted) in opposition to corruption or other malfeasance, the agency did not err in finding his account insufficient to demonstrate that the harm he suffered was on account of his political opinion. *See Yan Fang Zhang v.*

4

*Gonzales*, 452 F.3d 167, 172 (2d Cir. 2006) (protesting economic layoffs and being removed from premises by police during a protest of layoffs does not indicate political motive); *cf. Yueqing Zhang*, 426 F.3d at 547 ("Where the dispute is such that the asylum seeker did not merely seek economic advantage but mounted a challenge to the legitimacy and authority of the ruling regime itself, and where the applicant can show that this political threat is the motive for the persecution perpetrated or feared, the applicant can meet the definition of a refugee." (internal quotation marks omitted)).

Accordingly, the agency reasonably determined that Zhou failed to demonstrate a nexus between the harm he suffered and fears and his political opinion, and did not err in denying him asylum and withholding of removal. See 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

Convention Against Torture

An applicant for CAT relief must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Unlike asylum and withholding of removal, CAT relief does not require a nexus to any ground. *See id.*

There is no merit to Zhou's contention that the agency

5

failed to consider his eligibility for CAT relief independent of its nexus finding. The IJ independently evaluated Zhou's claim of a likelihood of torture.

IJ Bias

Although rare, remand may be required when an IJ demonstrates bias and hostility towards an asylum applicant. *See Guo-Le Huang v. Gonzales*, 453 F.3d 142, 148 (2d Cir. 2006). A review of the record reveals that the IJ appropriately exercised his statutory authority to "interrogate, examine, and cross-examine the alien," 8 U.S.C. § 1229a(b)(1), and performed his duty to develop the record without assuming the role of advocate for either Zhou or the Government, *see Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6